# IN THE COURT OF APPEALS OF IOWA

No. 23-0501
Filed August 9, 2023

**IN THE INTEREST OF J.P.,**
**Minor Child,**

**J.L., Father,**
    Appellant.

_____

Appeal from the Iowa District Court for Plymouth County, Daniel P. Vakulskas, District Associate Judge.

A father appeals the order terminating his parental rights. **AFFIRMED.**

Timothy A. Scherle, Sioux City, for appellant father.

Brenna Bird, Attorney General, and Mackenzie Moran, Assistant Attorney General, for appellee State.

Jim L. Bybee, Sioux City, attorney and guardian ad litem for minor child.

Considered by Bower, C.J., and Ahlers and Chicchelly, JJ.

**AHLERS, Judge.**

The juvenile court terminated the parental rights of both parents of J.P., born in 2016. Only the father appeals. He challenges the statutory grounds for termination and contends he should be given an additional six months to work toward reunification. We conduct de novo review of termination-of-parental-rights orders. *In re Z.K.*, 973 N.W.2d 27, 32 (Iowa 2022).

The juvenile court terminated the father's parental rights under Iowa Code section 232.116(1)(b), (e), and (f) (2022).[1] As the father's rights were terminated on multiple grounds, we affirm if any one of the grounds is supported by the record. *See In re A.B.*, 815 N.W.2d 764, 774 (Iowa 2012) ("When the juvenile court terminates parental rights on more than one statutory ground, we may affirm the juvenile court's order on any ground we find supported by the record."). We choose to focus on paragraph (f), which permits termination upon sufficient proof that (1) the child is four years of age or older; (2) the child has been adjudicated a child in need of assistance; (3) the child has been removed from the physical custody of the parents for at least twelve of the last eighteen months; and (4) the child cannot be returned to the custody of the parents.

The father's challenge to termination under section 232.116(1)(f) does not identify which, if any, elements he claims to be unsupported by the evidence, so

---

[1] We note that one of the dispositional paragraphs of the juvenile court's termination order referenced terminating the father's parental rights under section 232.116(1)(i) in addition to terminating under section 232.116(1)(b), (e), and (f). Because the State's petition did not seek termination under paragraph (i) and the body of the court's termination order made no reference to paragraph (i), we assume the reference to paragraph (i) in the dispositional part of the court's order is a typographical error and do not address it.

we conclude he has waived his challenge. *See In re C.B.*, 611 N.W.2d 489, 492 (Iowa 2000) ("We have long recognized an appellant must identify alleged error on appeal."). Despite the waiver, we have conducted a de novo review of the record and conclude there is clear and convincing evidence supporting all four elements for termination under section 232.116(1)(f). Specifically, the child was six years old, had been adjudicated a child in need of assistance, had been removed from the custody of the father for nearly twenty consecutive months, and could not be returned to the father's custody because the father was incarcerated. The father's challenge to the statutory grounds for termination fails.

The father also seeks additional time to work toward reunification. *See* Iowa Code § 232.117(5) (permitting the court to enter a permanency order pursuant to section 232.104 if it does not terminate parental rights); *see also id.* § 232.104(2)(b) (providing a permanency option of giving an additional six months to work toward reunification). But the father's argument fails to come to grips with the requirement that, before the court may grant additional time to work toward reunification, it must be able to "enumerate the specific factors, conditions, or expected behavioral changes which comprise the basis for the determination that the need for removal of the child from the child's home will no longer exist at the end of the additional six-month period." *See id.* § 232.104(2)(b). The father has been in and out of incarceration over the last several years and only visited the child a handful of times in the year before the termination hearing. Further, at the time of the termination hearing, the father was in jail in South Dakota facing charges that could result in lifetime imprisonment. Even if those charges somehow disappeared or resulted in lesser charges, the father was still subject to extradition

to Iowa to face additional charges here. He was also on parole and facing the possibility of an additional eight months incarceration if the parole was revoked.

When we add to these incarceration problems the fact that the father has never been substantially involved in his six-year-old child's life, we, like the juvenile court, are unable to enumerate specific factors, conditions, or expected behavioral changes that would allow us to conclude that the need for removal from the father's custody would no longer exist at the end of an additional six-month period. *See id.* Therefore, we decline to grant the father additional time to work toward reunification.

Having rejected the father's challenges on appeal, we affirm the juvenile court's decision to terminate the father's parental rights.

**AFFIRMED.**